IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

      v.                 23-mj-56-HKS

DANIEL PARSON,

      Defendant.
_____

### GOVERNMENT'S RESPONSE TO THE DEFENDANT'S MOTION TO DISMISS THE CRIMINAL COMPLAINT

The United States of America, by and through its attorneys, Trini E. Ross, United States Attorney for the Western District of New York, and Joel L. Violanti, Assistant United States Attorney, of counsel, hereby responds to the defendant's October 16, 2024 motion to dismiss the Criminal Complaint, pursuant to 18 U.S.C. Section 4241.

### PROCEDURAL HISTORY AND RELEVANT FACTS

On May 4, 2023, the defendant was charged in a criminal complaint charging a violation of 18 U.S.C. 875(c). On May 30, 2023, the defendant was ordered to undergo a mental competency evaluation. On May 22, 2024, the defendant was transported to FMC Devens to undergo the competency evaluation. On September 19, 2024, a report was sent to the Court with regards to the defendant's competency.

Within this report, there was a professional medical opinion that the defendant was not competent to proceed to trial. Although this opinion further advised that there was a

"substantial probability" that the defendant's competency could be restored with involuntary efforts, there was no guarantee.

In this regard, the parties would then have to consider the factors addressed in *Sell v. U.S.* 539 U.S. 166 (2003). Under these circumstances, *Sell* dictates that the court must first consider whether or not "important government interests are at stake" in bringing the defendant to trial. The government always believes that important governmental interests are at stake when there was a determination that probable cause exists that a defendant committed a federal crime. However, as set forth in the report, the defendant, despite the alleged charge, does not meet the criteria for involuntary treatment since he has not been determined to pose a substantial risk of dangerousness in the current conditions of his confinement. Further, as pointed out by the defense, upon a plea of guilty, the defendant is facing a recommended sentencing range of 8-14 months.

Therefore, there exists a very strong argument that the government's interests in any further request for involuntary restorative competency, or attempted prosecution of the defendant, has either diminished or has been satisfied.

As a result, the government would have no objection to the Court granting the defendant's motion to dismiss.

## **ONCLUSION**

For the foregoing reasons, the government does not object to the Court granting the relief sought by the defendant

DATED: Buffalo, New York, November 1, 2024.

                            TRINI E. ROSS  
                            United States Attorney

BY:    s/JOEL L. VIOLANTI  
        Assistant United States Attorney  
        United States Attorney's Office  
        Western District of New York  
        138 Delaware Avenue  
        Buffalo, New York 14202  
        716/843-5854  
        Joel.L.Violanti@usdoj.gov